## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| CLAYTON REEHTEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 1:19-CV-171 RLW |
| | ) |
| DAVID VANDERGRIFF,[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Clayton Reehten's pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (ECF No. 1.) Petitioner is incarcerated at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). For the following reasons, the Court will deny the Petition.

**Procedural History**

On May 25, 2017, a jury in the Circuit Court of the City of St. Louis, State of Missouri, found Petitioner guilty of the class D felony of Resisting Arrest (Count I), for which he was sentenced to a term of seven years' imprisonment. The jury also found Petitioner guilty of the class A misdemeanor of Resisting a Lawful Stop (Count II), for which he was sentenced to a concurrent term of one year in prison. The jury acquitted Petitioner of three counts of the class C felony of possession of a controlled substance.

---

[1] David Vandergriff is the current Warden of the Eastern Reception, Diagnostic and Correctional Center where Petitioner is incarcerated. Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "the petition must name as respondent the state officer who has custody." Therefore, David Vandergriff's name will be substituted as the named Respondent in this action pursuant to Rule 25(d), Fed. R. Civ. P.

Petitioner appealed his conviction to the Missouri Court of Appeals and raised one claim of trial court error. The Missouri Court of Appeals affirmed on October 13, 2018. State v. Reehten, 564 S.W.3d 152 (Mo. Ct. App. 2018) (Resp. Ex. F, ECF No. 6-6).

### Ground Raised

Petitioner filed the instant Petition for habeas relief in federal court on September 23, 2019 (ECF No. 1). Respondent filed a response in opposition with supporting exhibits on November 21, 2019 (ECF No. 6). Petitioner filed a reply in support of his Petition (ECF No. 9). The Petition raises the following ground:

> The trial court erred in submitting the verdict-directing instruction on the Resisting Arrest count, because it contained a fatal variance from the Information, as the instruction directed the jury to find Petitioner guilty of resisting arrest by fleeing, but Count I of the Information charged that Petitioner committed the class D felony of resisting arrest by using physical force against Detective Mark Meyers.

(ECF No. 1 at 5.)

### Evidentiary Hearing

A district court may dismiss a habeas petitioner's motion without an evidentiary hearing if "(1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Buster v. United States, 447 F.3d 1130, 1132 (8th Cir. 2006) (internal quotation marks omitted) (quoting Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003)). Because the Court determines that Petitioner's claims do not warrant habeas relief on their face, it will deny the Petition without an evidentiary hearing.

### Factual Background

The Missouri Court of Appeals described the facts of Petitioner's criminal case as follows:

> In the early morning of September 22, 2015, Officer Herbert Eberhart responded to a call regarding a suspicious person sleeping in an automobile in the St. Louis Hills neighborhood. Defendant Reehten was asleep inside the automobile

2

and Officer Eberhart woke him up by knocking on the window. The officer requested Reehten's name and personal information so he could run a Regional Justice Information Service (REJIS) check on him to determine whether he had any outstanding tickets or warrants, and whether he was wanted by any law enforcement body. Reehten gave Officer Eberhart a false name and when the officer returned to his patrol vehicle to run the REJIS check, Reehten exited his automobile and fled on foot. Officer Eberhart called for Reehten to stop running but was unable to catch up to him. However, he did find Reehten's identification card, which had fallen on the ground in the course of his flight. Officer Eberhart ran a REJIS check on Reehten's name and discovered that he was wanted by the Eureka, Missouri Police Department for first-degree robbery, armed criminal action, felonious restraint, and first-degree burglary.

In light of this information, Detectives Mark Meyers and Patricia Vineyard were dispatched to assist Officer Eberhart in apprehending Reehten. Detectives Meyers and Vineyard responded to the scene in an unmarked vehicle, and Officer Eberhart and others in patrol vehicles were instructed to leave. Early in the afternoon, Officer Brian Jost also joined the search in an unmarked vehicle.

Later, Officer Jost spotted Reehten walking down the street near where he had fled Officer Eberhart earlier that day. Officer Jost pursued Reehten and attempted to stop him, but was unsuccessful because Reehten ran from the street into the backyards of residential property.

Detective Meyers exited his vehicle and gave chase on foot, yelling at Reehten to stop, but Reehten continued through a backyard gate. Detective Meyers followed Reehten through the gate and found him crouched hiding in the cellar stairwell of a residence.

Detective Meyers testified that as he descended the stairs, he told Reehten to stop and that he was under arrest. But Reehten stood up and tried to run past him. Detective Meyers impeded Reehten and both men struggled in the stairwell while Detective Meyers continued to tell Reehten that he was under arrest. Eventually, Detective Meyers got on top of Reehten and was able to handcuff Reehten with the assistance of other police officers who had arrived. Reehten then stopped resisting.

For his part, Reehten testified in his own defense and denied having interacted in any way with Officer Eberhart; he stated that when Detective Meyers found him in the cellar stairwell, he simply laid down and allowed himself to be arrested. Reehten testified that he knew on September 22, 2015 that he was wanted for a parole violation, so contrary to the evidence that he was found asleep in his automobile by Officer Eberhart, he had actually already exited his automobile upon spotting Officer Eberhart in his patrol vehicle, and had fled the scene before the officer could make contact with him. Reehten also denied that he dropped his identification card or left it anywhere Officer Eberhart could have found it.

With regard to his second encounter that day with law enforcement, Reehten testified that he was away from his automobile for approximately five hours, until about 1:00 or 1:30 p.m.; when he returned to his automobile, he saw two police officers standing nearby; he walked by them and made eye contact, but they did not say anything to him or tell him to stop; he then turned into an alley and immediately "hot stepped it away" so that the officers would not have the chance to arrest him; and he eventually hunched down in the cellar stairwell of a residence to catch his breath, and shortly thereafter Detective Meyers found him.

Reehten testified that once he was discovered, he recognized that he could not flee, so he complied with Detective Meyers's direction to put his hands up and lay flat on the floor of the cellar stairwell. Reehten denied that he tried to run up the stairs or otherwise attempted to resist Detective Meyers's efforts to arrest him.

In the May 2017 information in lieu of indictment on which the State proceeded at trial, as in the State's preceding charging documents, Reehten was charged for his attempt to evade Detective Meyers with the class D felony of resisting arrest by the use of force. At the close of evidence, however, the State submitted a verdict-directing instruction for the offense stating that the jury should find Reehten guilty of the class D felony of resisting arrest if it found that he resisted by fleeing. The instruction made no reference to the use of force. The court overruled Reehten's objection to the instruction.

(Resp. Ex. F, ECF No. 6-6 at 2-4).

## Legal Standard

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), federal courts review state court decisions under a deferential standard. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). Federal habeas relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990) (citing § 2254(a)).

To obtain federal habeas review of a claim raised in a § 2254 petition, the petitioner must have first raised the federal constitutional dimensions of the claim in State court in accordance with State procedural rules. Duncan v. Henry, 513 U.S. 364 (1995) (per curiam); Beaulieu v. Minnesota, 583 F.3d 570, 573 (8th Cir. 2009) (quoted case omitted). In Missouri, "a claim must be presented 'at each step of the judicial process' in order to avoid procedural default." Jolly v.

Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (quoting Benson v. State, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)).  If the petitioner failed to properly present the claim in State court, and no adequate non-futile remedy is currently available by which he may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Martinez v. Ryan, 566 U.S. 1, 10-11 (2012).

Where the State court adjudicated a claim on the merits, federal habeas relief can be granted on the claim only if the State court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).  See Williams v. Taylor, 529 U.S. 362, 379 (2000).  The federal law must be clearly established at the time the petitioner's State conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court.  Id. at 380-83.

"A state court decision is 'contrary to' clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court confronts facts that are materially indistinguishable from relevant Supreme Court precedent yet reaches the opposite result."  Zornes v. Bolin, No. 20-3013, 2022 WL 2296595, at *2, __ F.4th __ (8th Cir. June 27, 2022) (quoting Williams, 529 U.S. at 405-06).  "A decision involves an 'unreasonable application of' federal law if the state court 'correctly identifies the governing legal standard but either unreasonably applies it to the facts of the particular case or

5

unreasonably extends or refuses to extend the legal standard to a new context.'" Id. (quoting Munt v. Grandlienard, 829 F.3d 610, 614 (8th Cir. 2016)). "To demonstrate an unreasonable application, a prisoner must show 'that a state court's adjudication was not only wrong, but also objectively unreasonable, such that "fairminded jurists" could not disagree about the proper resolution.'" Id. (quoting Smith v. Titus, 958 F.3d 687, 691 (8th Cir. 2020)). Federal habeas courts "evaluate the reasonableness of the state court's ultimate conclusion, not necessarily the reasoning used to justify the decision." Id. (citing Dansby v. Hobbs, 766 F.3d 809, 830 (8th Cir. 2014)).

Finally, when reviewing whether a State court decision involves an "unreasonable determination of the facts" in light of the evidence presented in the State court proceedings, State court findings of basic, primary, or historical facts are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Rice v. Collins, 546 U.S. 333, 338-39 (2006); Collier v. Norris, 485 F.3d 415, 423 (8th Cir. 2007). Erroneous findings of fact do not automatically require the grant of habeas relief, however. Instead, the determination of these facts must be unreasonable in light of the evidence of record. Collier, 485 F.3d at 423; Weaver v. Bowersox, 241 F.3d 1024, 1030 (8th Cir. 2001).

Federal courts are "bound by the AEDPA to exercise only limited and deferential review of underlying State court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). "To obtain habeas relief from a federal court, a state prisoner must show that the challenged state-court ruling rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Metrish v. Lancaster, 569 U.S. 351, 358 (2013) (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)). This standard is "difficult to meet." Id.

6

**Discussion**

The record shows Petitioner properly raised his single claim in State court and that the Missouri Court of Appeals denied relief on review of the merits. The Court turns to the merits of the claim, exercising limited and deferential review of the underlying State court decisions as required by the AEDPA.

In Ground One, Petitioner contends the trial court erred in submitting the verdict-directing instruction on the Resisting Arrest count, because it instructed the jury to find Petitioner guilty of resisting arrest by fleeing, while Count I of the Information charged that Petitioner committed the class D felony of resisting arrest by using physical force against Detective Mark Meyers. Petitioner contends this constitutes a fatal variance from the offense charged in the Information and gave him no notice that the jury would be instructed on this method of committing resisting arrest.

The Missouri Court of Appeals identified and discussed the law and applied it to the facts relevant to this claim on direct appeal as follows:

> Section 575.1502 defines the crime of resisting arrest as follows:
>
> A person commits the crime of resisting . . . arrest . . . if he or she knows or reasonably should know that a law enforcement officer is making an arrest . . . and for the purpose of preventing the officer from effecting the arrest . . . he or she . . . (1) Resists the arrest . . . by using or threatening the use of violence or physical force or by fleeing from such officer . . . .
>
> Thus, a person may resist arrest in two different ways: (1) by using or threatening to use violence or physical force, or (2) by fleeing. *State v. Sonnier*, 422 S.W.3d 521, 523 (Mo.App.E.D. 2014).
>
> In this case, the State's information charged that Reehten committed the class D felony of resisting arrest by *using physical force*. However, the verdict director submitted for that charge instructed the jury to find Reehten guilty if it found that he resisted arrest *by fleeing*.
>
> Where, as is undisputed here, the verdict-directing instruction submits a different method of committing an offense than the method charged in the

7

information, there is a variance. *State v. Jones*, 892 S.W.2d 737, 739 (Mo.App.W.D. 1994). But a variance alone does not constitute reversible error. *State v. Lee*, 841 S.W.2d 648, 650 (Mo. banc 1992). To justify reversal, a variance must be prejudicial to the rights of the accused. *Id.* A variance is prejudicial only if it affects the appellant's ability to present an adequate defense. *Id.* Crucial to the question of prejudice is the evidence adduced. *Id.* at 651. Indeed, the Missouri Supreme Court held in *Lee* that where the record showed that the defendant's case presented at trial, if believed by the jury, was adequate to disprove both the method submitted in the information and the varying method submitted in the instruction, the defendant suffered no prejudice. *Id.*

We find that to be the case here. On this record, it appears that despite the variance, Reehten had a meaningful and adequate opportunity to defend against the charge of resisting arrest both as charged in the information—committed by the use of force—and as submitted in the verdict director: committed by fleeing. He sought to disprove the State's narrative by testifying that he *did not run from or fight with* Detective Meyers but rather—once Detective Meyers found him in the cellar stairwell and ordered him to submit to arrest—he laid down and allowed himself to be arrested. Unquestionably, if the jury had believed Reehten, they could not properly have convicted him of resisting arrest whether by the use of force or by fleeing.

Moreover, even if Reehten had been given more time to prepare cross-examination of Detective Meyers with regard to whether Reehten resisted arrest by fleeing, on these facts it appears even less likely that the jury would have found Detective Meyers's testimony to be not credible that Reehten attempted simply to flee from arrest, rather than that Reehten attempted more confrontationally to resist arrest by the use of physical force. Therefore, we conclude that here—as in *Lee*—the defendant was prepared and presented an adequate defense for both the method alleged in the information and the method presented in the instruction to the jury.

Point denied.

(Resp. Ex. F, ECF No. 6-6 at 4-6) (emphasis in original).

Respondent argues that the decision of the Missouri Court of Appeals denying this claim on the merits is reasonable and entitled to deference.

"'[A] person's [Sixth Amendment] right to reasonable notice of the charge against him . . . is incorporated in the Fourteenth Amendment to the United States Constitution and thus cannot be abridged by the states.'" Franklin v. White, 803 F.2d 416, 417 (8th Cir. 1986) (quoting Goodloe v. Parratt, 605 F.2d 1041, 1045 (8th Cir. 1979)). "Fair notice due process claims are cognizable

8

in habeas corpus." Franklin, 803 F.2d at 417 (citing Goodloe, 605 F.2d at 1045 n.12).  A court cannot permit a defendant to be tried on charges that are not made in the indictment against him. Stirone v. United States, 361 U.S. 212, 217 (1960).  Not all variances between the charge and the verdict director are fatal, however.

Respondent argues that the variance present here is a simple, not fatal variance, and that Petitioner's case was not prejudiced in any way because his testimony contested both the charge in the Information and the jury instruction.  "Convictions generally have been sustained as long as the proof upon which they are based corresponds to an offense that was clearly set out in the indictment."  United States v. Miller, 471 U.S. 130, 136 (1985).  "A variance between the indictment and proof at trial requires reversal of a conviction only if the variance actually prejudiced the defendant.  The primary consideration in this determination is whether the indictment fully and fairly apprised the defendant of the charges he or she must meet at trial." United States v. Thomas, 791 F.3d 889, 897 (8th Cir. 2015) (quoting United States v. Begnaud, 783 F.2d 144, 148 (8th Cir. 1986)); see Berger v. United States, 295 U.S. 78, 82 (1935) ("The true inquiry . . . is not whether there has been a variance in proof, but whether there has been such a variance as to 'affect the substantial rights' of the accused.").

The Court finds that the Missouri Court of Appeals did not unreasonably apply United States Supreme Court precedent when it rejected Petitioner's variance claim.  The Information and the verdict director both explained that the resisting arrest charge was based upon Petitioner's actions in relation to Detective Meyer.  The Court finds that no fatal variance resulted from the difference between whether Petitioner used physical force against Detective Meyer or attempted to flee from Detective Meyer, because Petitioner cannot show prejudice as a result.  Petitioner's evidence was that he lay on the ground when Detective Meyer found him in the stairwell and

directed him to put his hands up, and he neither used physical force against nor attempted to flee from Detective Meyer. If the jury had believed Petitioner's testimony, it could not have convicted him of either the method of violating the statute charged in the Information, or the method set forth in the verdict director.

### Conclusion

For the foregoing reasons, the Court concludes that the ground in Petitioner Clayton Reehten's Petition for Writ of Habeas Corpus fails on the merits, and must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that David Vandergriff's name will be substituted as the named Respondent in this action pursuant to Rule 25(d), Fed. R. Civ. P.

**IT IS FURTHER ORDERED** that Petitioner Clayton Reehten's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner Reehten has not made a substantial showing of a denial of a constitutional right, and this Court will not issue a Certificate of Appealability.

A separate Judgment in accordance with this Memorandum and Order will be filed herewith.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 28th day of June, 2022.